Opinion filed October 29, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed October 29,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                  ___________

 

                                                          No. 11-08-00005-CR 

                                                    __________

 

                                  WESLEY DON RHODES, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 266th District Court

 

                                                           Erath
County, Texas

 

                                                 Trial
Court Cause No. CR12766

 



 

                                              M
E M O R A N D U M   O P I N I O N

 

 The
jury convicted Wesley Don Rhodes of sexual assault of a child and assessed his
punishment at twenty years confinement.  We affirm.

                                                             I. 
Background Facts

 R.K.
alleged that Rhodes, her father, sexually assaulted her while they were deer
hunting.  R.K. testified that he forced her down on a bed; took off her
clothes; and, while using a rubber glove as a condom, penetrated her.  Rhodes
denied R.K.=s
allegations.  He contended that his wife was manipulating R.K. to gain an
advantage in their pending divorce action.








                                                                       II. 
Issues

Rhodes
challenges his conviction with four issues.  Rhodes contends that the trial
court erred by admitting evidence of the victim=s
good character, that the trial court erred by not holding an evidentiary
hearing on an ineffective assistance of counsel claim raised in his motion for
new trial, that the trial court deprived him of procedural due process when it
ruled on his motion for new trial because the State=s response included an affidavit that he had
no opportunity to rebut, and that his trial counsel was constitutionally
ineffective.

                                                           III. 
Character Evidence

The
State called Toby Cox as a character witness.  Cox testified that he was an
elementary school assistant principal but that he previously worked as a high
school teacher and counselor and that R.K. was a high school student while he
was a counselor.  Cox testified over objection that R.K.=s reputation for being a truthful and honest
person was good.  The State also called Stan McVey as a character witness.  He
was an assistant high school principal who knew R.K. through FFA.  He too
testified over objection that R.K. was a truthful person.  Rhodes contends that
the trial court erred by overruling his objection to Cox=s testimony because R.K.=s character had not been
previously challenged.  Rhodes does not challenge McVey=s testimony.

To
determine if character evidence is admissible, the Texas Court of Criminal
Appeals distinguishes between an attack on a witness=s character and an attack on the witness=s accuracy.  See Michael
v. State, 235 S.W.3d 723, 726 (Tex. Crim. App. 2007).  An attack on a
witness=s character is
one that contends the witness is a liar and, therefore, is wrong about AX.@  A challenge to the witness=s accuracy is one that
concedes the witness may normally be a truthteller but contends that the
witness is wrong about AX.@  Only when a witness=s character for
truthfulness is attacked may it be rehabilitated with good character evidence. 
Id.  Impeachment by a prior inconsistent statement is normally just an
attack on the witness=s
accuracy.  Id.  The test for trial courts is whether a reasonable juror
would believe that a witness=s
character for truthfulness has been attacked by cross-examination, evidence
from other witnesses, or statements of counsel.  Id. at 728. 








The
State argues that Rhodes attacked R.K.=s
character several times.  The State initially points to Rhodes=s opening statement. 
Rhodes=s counsel told
the jury that the allegations against his client were false, that R.K.=s mother was manipulating
her for divorce purposes, that R.K.=s
mother had been physically abusive with her, and that psychological disorders
run in her mother=s
family. To the extent these constitute a challenge to R.K. rather than her
mother, they are not an attack on R.K.=s
character.

The
State next points to Rhodes=s
cross-examination of the outcry witness, Clinton Lynn Barnett.  During that
examination, Rhodes established that Barnett did not believe R.K. had told him
everything, that Barnett pressured R.K. to come forward with her allegation,
and that R.K.=s story
became bigger and more elaborate with time.  This is not a challenge to R.K.=s character but to the
accuracy of her allegation.  Finally, the State points to Rhodes=s cross-examination of Don
Beeson.  At the time of trial, Beeson was a county commissioner, but he
previously served as a detective for the Johnson County Sheriff=s Department and was
responsible for investigating crimes against children.  Rhodes pointed out the
inconsistencies between what R.K. told Beeson in an interview and what Barnett
had said in a statement.  This is also a challenge to R.K.=s accuracy and not a
challenge to her character.  Because Rhodes did not attack R.K.=s character for
truthfulness, the trial court abused its discretion by allowing Cox to offer
character evidence.  

The
erroneous admission of Cox=s
testimony is nonconstitutional error.  See Schutz v. State, 63 S.W.3d
442, 444-46 (Tex. Crim. App. 2001) (improperly admitted expert testimony on the
complainant=s
truthfulness is nonconstitutional error).  Nonconstitutional error must be
disregarded unless it affects the appellant=s
substantial rights.  Tex. R. App. P.
44.2(b).  Substantial rights are not affected by the erroneous admission of
evidence if, after examining the record as a whole, the court has fair
assurance that the error did not influence the jury, or had but a slight
effect.  Motilla v. State, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002). 
When a trial court errs by improperly admitting evidence, an appellate court
determines the likelihood that the error adversely affected the jury=s decision by considering
everything in the record, including:  (1) testimony or physical evidence
admitted for the jury=s
consideration; (2) the nature of the evidence supporting the verdict; (3) the
character of the alleged error and how it might be considered in connection
with other evidence in the case; (4) the jury instructions; (5) the State=s theory and any defensive
theories; (6) closing arguments; (7) voir dire; and (8) whether the State
emphasized the error.  Haley v. State, 173 S.W.3d 510, 518-19 (Tex.
Crim. App. 2005).








Cox=s testimony was brief,
constituting less than three pages of the record.  The majority of that
testimony consisted of Cox identifying himself and explaining how he knew R.K..
Of relevance to this appeal are only two questions.  Cox was asked if he was
familiar with R.K.=s
reputation for veracity and if that reputation was good.  He answered both
questions affirmatively without elaboration.

There
was considerable testimony supporting the jury=s
verdict.  R.K. testified that her father began assaulting her when she was
eleven.  In October 2005, during youth deer season, she and her father went
hunting with other family members.  They arrived at the campsite first and ate
lunch. He then held her down on the bed and took her clothes off.  He used a
rubber glove as a condom and penetrated her.  She did not say anything about
this to her other family members when they arrived at the campsite or to anyone
else at first, but she told her boyfriend in November 2006.  She then told her
mother.  R.K. testified that her mother confronted her father, that her father
essentially admitted molesting her, and that he then left the house.

R.K.=s mother and brother
confirmed that Rhodes confessed and apologized when confronted with R.K.=s allegation and that he
then left the house.  R.K.=s
mother testified that Rhodes was scared and shaking after the confrontation and
that he begged her not to call the police.  Rhodes denied that he had assaulted
R.K., denied asking his wife not to call the police, and denied confessing. 
His recollection was that his wife confronted him with R.K.=s allegation, that he was
shocked and angry, and that he said to her and his son: A[I]s all you want to hear me say is, yes, I
did, and -- because you held out on me.@ 
He called his brother and nephew as witnesses, and both testified that R.K. did
not act unusually at the deer lease.

Credibility
was a key issue in this case because of the absence of corroborating evidence
such as physical evidence or eye-witness testimony.  The State=s closing argument
primarily addressed R.K.=s
credibility but made only minimal reference to Cox=s testimony.  That testimony was merely
referenced as an additional reason why R.K. was believable.  








Considering
the record as a whole, we are left with a fair assurance that the trial court=s error influenced the jury
only slightly.  The testimony was brief, was not a principal part of the State=s case, and did not differ
in any material manner from McVey=s
testimony.  Judging the nature of the evidence supporting the verdict and the
character of the error and its relationship with the remainder of the State=s evidence, the trial court=s error did not have a
substantial and injurious effect or influence in determining the jury=s verdict or affect Rhodes=s substantial rights because
the record does not support the conclusion that Cox=s testimony supplanted the jury=s credibility
determination.  C.f., Schutz, 63 S.W.3d at 445 (the danger posed
by the erroneous admission of expert testimony on a witness=s credibility is that the
jury could allow this to supplant its decision).  Issue One is overruled.  

                                                          IV.
Motion for New Trial

 Rhodes
was sentenced on November 6, 2007.  The trial court=s jurisdiction to consider a motion for new
trial expired on January 22, 2008.  Tex.
R. App. P. 21.8(a).  On December 4, Rhodes filed a motion for new trial
and alleged that his trial counsel was constitutionally ineffective in a number
of respects.  That motion was supported by his own affidavit.  Rhodes requested
the trial court to hold a hearing on this motion.  On January 17, the State
filed a response.  The State=s
response included an unsworn written reply from Rhodes=s trial counsel to the ineffective assistance
allegations.  Rhodes objected to consideration of his motion without a hearing,
contending that he had been given insufficient opportunity to marshal
affidavits and to rebut trial counsel=s
unsworn statement.[1]  On January
22, the State filed a supplemental response.  That response included an
affidavit from trial counsel, the substance of which was substantially similar
to the initial unsworn written response.  The trial court overruled Rhodes=s objection and denied his
motion for new trial.

Rhodes
acknowledges that the trial court is not obligated to hold an evidentiary
hearing on a motion for new trial and that it has the authority to consider
that motion solely on the basis of affidavits.  See Tex. R. App. P. 21.7.  But, Rhodes
contends that the trial court=s
decision to rely solely on affidavits denied him constitutional due process
because that decision was not made until shortly before the trial court lost
jurisdiction and because the trial court considered an affidavit filed by the
State on the last day of its jurisdiction.








The
Fourteenth Amendment of the United States Constitution forbids deprivation of
life, liberty, or property by the State without due process of law.  U.S. Const. amend. XIV.  The Texas
Constitution also requires due course of law. Tex.
Const. art. I, '
19.  At a minimum, due course requires notice and an opportunity to be heard at
a meaningful time and in a meaningful manner. Reed v. State, 269 S.W.3d
619, 624 (Tex. App.CSan
Antonio 2008, no pet.). 

Courts
utilize the three-part balancing test first announced in Mathews v. Eldridge,
424 U.S. 319 (1976), to determine whether procedural due process has been
violated.  Univ. of Tex. Med. Sch. at Houston v. Than, 901 S.W.2d 926,
930 (Tex. 1995).   The factors to be balanced are: 

(1)
       the private interest that will be affected by the official action;

 

(2)
       the risk of an erroneous deprivation of such interest through the
procedures used, and the probable value, if any, of additional or substitute
procedural safeguards; and

 

(3)
       the government=s
interest, including the function involved and the fiscal and administrative
burdens that the additional or substitute procedural requirement would entail.

 

Id. 
Rhodes=s challenge
focuses on the second and third factors, contending that he was entitled to
more notice that no hearing would be held and that he was entitled to
additional opportunity to rebut his trial counsel=s
affidavit.

As
to Rhodes=s first
contention, he was on notice that the trial court had the authority to conduct
an evidentiary hearing or rule strictly based upon affidavits and that the
trial court=s deadline
for ruling was January 22.  See Tex.
R. App. P. 21.7, 21.8(a).  The trial court was not required to give
Rhodes greater notice of its decision to not hold an evidentiary hearing. 
Rhodes had sufficient opportunity to marshal affidavits in support of the
contentions he made in his motion for new trial, was on notice that affidavits
might be the only evidence considered by the court, and knew that those
affidavits were needed no later than January 22.








Nor
were Rhodes=s due
process rights violated by his trial counsel=s
affidavit.  In this regard, it is important to note that the affidavit was in
response to Rhodes=s
allegations and that it was not an affirmative claim for relief.  It is also
noteworthy that, even though the affidavit itself was filed on January 22,
Rhodes was given an unsworn version of that testimony on January 17 and that he
was able to marshal several affidavits controverting his trial counsel=s statements.  The disputed
issues raised by the opposing affidavits largely concerned the conduct of
Rhodes=s defense.  The
trial court was well-positioned to address that conflict having just presided
over Rhodes=s trial. 
Finally, the trial court=s
decision to proceed solely on affidavits does not foreclose Rhodes=s ability to pursue his
ineffective assistance of counsel claim further through post-conviction
procedures.  The trial court did not violate Rhodes=s due process rights.  Issues Two and Three
are overruled.

                                                 V. 
Ineffective Assistance of Counsel 

Rhodes
contends that his trial counsel was constitutionally ineffective by not
objecting to prejudicial outcry hearsay, by misrepresenting his legal
background, by misrepresenting that it was illegal for him to contact any of
the State=s witnesses
prior to trial, and by misrepresenting his pretrial investigation.  To determine
if trial counsel rendered ineffective assistance, we must first determine
whether Rhodes has shown that counsel=s
representation fell below an objective standard of reasonableness and, if so,
then determine whether there is a reasonable probability that the result would
have been different but for counsel=s
errors.  Strickland v. Washington, 466 U.S. 668 (1984). We must indulge
a strong presumption that counsel=s
conduct fell within the wide range of reasonable professional assistance, and
Rhodes must overcome the presumption that, under the circumstances, the
challenged action might be considered sound trial strategy. Stafford v.
State, 813 S.W.2d 503, 508‑09 (Tex. Crim. App. 1991).  An allegation
of ineffective assistance must be firmly founded in the record, and the record
must affirmatively demonstrate the alleged ineffectiveness. Thompson v.
State, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999).

A
trial court=s ruling
denying a motion for new trial is typically reviewed under an abuse of
discretion standard.  Salazar v. State, 38 S.W.3d 141, 148 (Tex. Crim.
App. 2001).  However, Rhodes=s
allegations involve mixed questions of law and fact.  We must afford almost
total deference to a trial court=s
determination of the historical facts and of mixed questions of law and fact
that turn on the credibility and demeanor of witnesses.  Guzman v. State,
955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  

Rhodes=s allegations that his
trial counsel was ineffective because of misrepresentations concerning his
background, pretrial investigation, and the rules for contacting witnesses all
involve disputed fact issues.  The trial court did not abuse its discretion by finding
trial counsel=s
affidavit testimony more credible than the affidavits filed by Rhodes.








Rhodes
also complains that trial counsel was constitutionally ineffective because he
did not object to hearsay testimony.  Rhodes does not identify the specific
testimony but refers us to twenty pages of the record.  His complaint has not
been preserved.  See Tex. R. App.
P. 38.1(i).  We have, however, reviewed the record.  R.K.=s ex-boyfriend and mother
were asked about statements R.K. made to them.  Rhodes=s trial counsel elicited some hearsay
testimony during his cross-examination of R.K.=s
ex-boyfriend.  But by doing so, counsel established that R.K.=s story became bigger with
time and that the ex-boyfriend threatened to leave R.K. unless she came forward
with her allegation. This was an appropriate trial strategy because it
undermined both R.K.=s
testimony and the ex-boyfriend=s
testimony.  The remainder of the testimony contains nothing significant that
R.K. did not testify to herself.  Thus, there was no harm.  Issue Four is
overruled.

                                                        VI. 
Holding 

 
The judgment of the trial court is affirmed.

 

 

RICK STRANGE

JUSTICE

 

October 29, 2009

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Strange, J.









     [1]Rhodes attached
several affidavits to his objection from friends and family members
corroborating his ineffective assistance allegations.